UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| FERNANDO LEON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| M/V YONG AN 2, her engines, boilers, tackles, etc., *in rem*; CHINA OCEAN SHIPPING COMPANY, a/k/a COSCO; COSCO BULK CARRIER CO., LTD; COSCO AMERICA, INC.; CHENGDU KETE PIPE ENGINEERING AND MATERIAL CO., LTD; COMMERCIAL METALS COMPANY | § § § § § § § § § | C.A. NO. G-05-529<br><br>IN ADMIRALTY – RULE 9(h) |
| Defendants. | § | |

# Plaintiff's Original Complaint

Plaintiff Fernando Leon complains of Defendants M/V YONG AN 2, China Ocean Shipping Company; COSCO Bulk Carrier Co., Ltd., COSCO America, Inc., Chengdu Kete Pipe Engineering and Material Co., Ltd., and Commercial Metals Company. Plaintiff would respectfully show the Court that:

### I.

### Jurisdiction

1. This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Specifically, this action is brought pursuant to General Maritime Law and 33 U.S.C. §§ 905(b) and 933 of the Longshore and Harbor Workers' Compensation Act.

2.     Venue is proper in this Court because a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Texas.

**II.**

**Parties**

3.     The M/V YONG AN 2 is a foreign flagged vessel engaged in the common carriage of cargo by water for hire, and is now or will be during the pendency of this lawsuit within this Southern District of Texas.

4.     CHINA OCEAN SHIPPING COMPANY ["COSCO"] is a foreign corporation or other legal entity duly organized, created and existing pursuant to the laws of some foreign country or countries. COSCO served as the owner and/or operator and/or charterer of the M/V YONG AN 2. COSCO owns, operates, and/or charters vessels engaged in the common carriage of cargo, including as common carriers on the high seas for hire. COCO does business within the Southern District of Texas. COSCO may be served with process via the Texas Secretary of State at COSCO's principal office at 11th and 12th Floors, Ocean Plaza, 158 Fuxing Men Nei Ave., XiCheng District, Beijing, 100031, China. Alternatively, pursuant to the Foreign Sovereign Immunities Act, COSCO may be served by delivering a Summons and copy of this Complaint, with Chinese translations, to COSCO's principal office at 11th and 12th Floors, Ocean Plaza, 158 Fuxing Men Nei Ave., XiCheng District, Beijing, 100031, China.

5.     COSCO BULK CARRIER COMPANY, LTD. ["COSCO BULK"] is a foreign corporation or other legal entity duly organized, created and existing pursuant to the laws of some foreign country or countries, and served as the owner and/or operator and/or charterer of

the M/V YONG AN 2. COSCO BULK owns, operates, and/or charters vessels engaged in the common carriage of cargo, including as common carriers on the high seas for hire. COCO BULK does business within the Southern District of Texas. COSCO BULK may be served with process via the Texas Secretary of State at COSCO BULK's principal office at F.10 (1017 Room), No. 1 Ocean Shipping Plaza, Heibei District Tianjin, China. Alternatively, pursuant to the Foreign Sovereign Immunities Act, COSCO BULK may be served by delivering a Summons and copy of this Complaint, with Chinese translations, to COSCO BULK's principal office at F.10 (1017 Room), No. 1 Ocean Shipping Plaza, Heibei District Tianjin, China. 11th and 12th Floors, Ocean Plaza, 158 Fuxing Men Nei Ave., XiCheng District, Beijing, 100031, China.

6. COSCO AMERICA, INC. ["COSCO AMERICA"], maintains its principal office in Secaucus, New Jersey. COSCO AMERICA is not authorized to do business in Texas, but did business in Texas by carrying cargo to and from Houston; entering into contracts of carriage, chartering agreements, and/or other contracts in Texas; and/or by committing a tort in Texas. COSCO AMERICA can be served by serving Brian Abramowitz via the Texas Secretary of State at COSCO AMERICA's principal place of business at 100 Lighting Way, Secaucus, New Jersey, 07094.

7. CHENGDU KETE PIPE ENGINEERING AND MATERIAL CO., LTD. ["CHENGDU"], is a foreign corporation or other legal entity duly organized, created and existing pursuant to the laws of some foreign country or countries, and, in relation to the acts and omissions complained of by Plaintiff, was the shipper, receiver and/or consignee of the cargo that caused Plaintiff's injuries. CHENGDU procured ocean carriage for the cargo from COSCO

and/or COSCO BULK on a "free-in and out" basis on board the M/V YONG AN 2. CHENGDU's principal office is located at A.C. 13 FL West Tower New Century Garden No. 2 SEC2 Yi Huan Rd. S., Chengdu, China, 610041. Pursuant to the Foreign Sovereign Immunities Act, process can be served upon CHENGDU by service of Summons and copy of this Complaint, with Chinese translations thereof, to the principal office set out above.

8. COMMERCIAL METALS COMPANY ["CMC"] is a Delaware and Texas Corporation that served as the shipper, importer, receiver and/or consignee of the cargo that caused Plaintiff's injuries. Process may be executed upon CMC by serving its registered agent, David Sudbury, 6565 North MacArthur Blvd., Suite 800, Irving, Texas 75039 and/or by serving its attorney, Fred Arias, Fletcher & Springer, 8750 N. Central Expressway, Suite 1600, Dallas, Texas 75231.

### III.

### Facts

9. On or about December 2004, Plaintiff was employed as a longshoreman by Gulf Stream Marine, Inc. ["Gulf Stream"] in and about the M/V YONG AN 2, then alongside at Greensport Terminal in Houston, Texas, within this district. Through its duly authorized agents, the M/V YONG AN 2 permitted and invited employees of Gulf Stream, including Plaintiff, to board and perform work.

10. Plaintiff was injured while discharging cargo from inside Hatch No. 2. Specifically, Plaintiff and other Gulf Stream employees were struggling to break out loose random-length steel pipe, when a shorter, concealed, pipe fell out of the grab and caused the

remaining loose pipes to fall onto Plaintiff and crush his legs – causing serious and permanently disabling injuries.

11. At the time of his accident, Plaintiff was assisting the M/V YONG AN 2 in her discharge of the subject steel cargo pursuant to the directions of the vessel and her agents when dangerous and improperly stowed cargo of steel pipe slipped, fell, rolled, and crushed his legs. The loose pipe had been loaded without any dunnage between tiers, and the joints were mixed, various outer diameter sizes having been loaded together.

12. Defendants were the owners, operators, charterers, or managers of the M/V YONG AN 2, and, likewise, were the employers of the crew of the M/V YONG AN 2. Plaintiff was discharging cargo from multiple holds of the M/V YONG AN 2 under the supervision and control of the vessel, crew, her agents, and Defendants.

13. The M/V YONG AN 2 negligently breached its active operational duty by directing and supervising the discharge of the cargo in a dangerous and hazardous manner. Defendants were actively involved in the loading and/or offloading of the cargo in question. The M/V YONG AN 2, its appurtenance, structures and cargo was such that Plaintiff could not discharge the cargo with reasonable safety.

14. Defendants breached their turn over duty and failed to warn of hidden defects of the vessel, appurtenances, structures and cargo, which they knew or should have known and which included but are not limited to:

      a. Inadequate pipe separation in terms of length and diameter;
      b. Improperly avoiding cost of dunnage separation between row and tiers;
      c. Mixed stowage of loose pipe and bundles without dunnage separation;
      d. Failing to protest the danger caused by improper loading techniques.

15. Defendants failed to intervene in the discharging operation. Defendants had actual knowledge of the hazard caused by the pipes being effectively "dumped" into the hatch without utilizing dunnage for separation and stabilization of the load. Defendants knew about the hazard that caused Plaintiff's injuries, but did nothing.

16. Defendants were also negligent and responsible for:

    a.  failing to properly supervise their crew;
    b.  failing to properly train their employees;
    c.  failing to provide adequate safety equipment;
    d.  failing to maintain a safe premises;
    e.  failing to provide adequate and immediate medical attention;
    f.  their employees' negligent instructions and orders; and
    g.  other acts so deemed negligent.

17. On or about those dates, the M/V YONG AN 2 was unseaworthy.

18. As a result of these occurrences, Plaintiff sustained severe and permanent injuries to both his shoulders, back, and other parts of his body. These occurrences and injuries occurred as a proximate result of the Defendants' gross negligence, in whole or in part, as a proximate result of the initial acts, negligence, lack of attention, and intentional and/or reckless acts on the part of Defendants, their agents, servants and/or employees acting in the course and scope of their employment and agency.

19. As a result of these occurrences, Plaintiff sustained severe injuries to his body, which resulted in physical pain, mental anguish, and other medical problems. Plaintiff has sustained severe pain, physical impairment, discomfort, mental anguish, and distress, that, in all reasonable probability, will continue indefinitely.

20.     Plaintiff has suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff incurred and will continue to incur pharmaceutical and medical expenses in connection with their injuries.

21.     Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court.

22.     Plaintiff prays that this citation issue and be served upon Defendants (except that service on M/V YONG AN 2 shall be held in abeyance) in a form and manner prescribed by law, requiring that the Defendants appear and answer, and that upon final hearing, Plaintiff have judgment against Defendants, both jointly and severally, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other and further relief, to which he may show himself justly entitled.

Dated:   September 30, 2005

Respectfully submitted,

ARNOLD & ITKIN LLP

/s/ Kurt B. Arnold
_____

Kurt B. Arnold
State Bar No. 24036150
Southern District of Texas No. 36185
909 Fannin Street, Suite 3838
Houston, Texas 77010
Telephone: (713) 654-0063
Facsimile: (713) 658-0674

**Attorney-in-Charge for Plaintiff**

**OF COUNSEL:**

Jason A. Itkin
State Bar No. 24032461
Southern District of Texas No. 33053
ARNOLD & ITKIN LLP
909 Fannin Street, Suite 3838
Houston, Texas 77010
Telephone: (713) 654-0063
Facsimile: (713) 658-0674

Douglas Gilman
State Bar No. 24048496
MITCHELL GILMAN L.L.P.
402 Main Street, Suite 6 South
Houston, Texas 77002
Telephone: (713) 224-6622
Facsimile: (866) 543-3643